### 7238.　SUTTON v. THE STATE.

RUSSELL, C. J.　1. The evidence authorized the verdict, and there was no error in the trial which required the grant of a new trial.

2. While, as a general rule, a party has the right to request that the law applicable to his contentions be presented with specific reference to those contentions, and doubtless there may be instances in which one charged with crime would have the right to have the jury specifically instructed to the effect that if they believed that the offense was *not* committed within the period of limitation, the defendant should be acquitted, it is unnecessary at this time to rule upon that point, since the evidence in the present case does not support the contention that the offense could only have been committed more than two years prior to the accusation. There was some evidence of acts showing a violation of ˌthe law within a shorter period of time. For this reason, as well as for the further reason that it does not appear from the assignment of error how or why the failure of the judge to use the particular language of the requested instruction was harmful to the accused (since the converse of the proposition embodying the same principle was presented), it can not be held the trial judge committed reversible error in instructing the jury as follows: "If you find that this defendant, at any time within two years prior to the finding of this indictment, in the county of Wilkes, manufactured any of the liquors or drinks named . . and which are set out in the indictment against the defendant in this case, and you find that beyond a reasonable doubt, as before explained to you, why then you should find the defendant guilty," instead of charging, as requested: "If you believe that the defendant has not made liquor within two years prior to the finding of the indictment, it will be your duty to acquit the defendant."

*Judgment affirmed.*

DECIDED MAY 18, 1916.

Indictment for manufacture of liquor; from Wilkes superior court—Judge Walker. December 23, 1915.

*Clement E. Sutton, T. W. Rucker,* for plaintiff in error.

*R. C. Norman, solicitor-general,* contra.